IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALVIN WASHINGTON | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No. 23-2108 |
| PAUL M. YATRON *and* | : | |
| ADA LEAH ROTENBERG | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                                                   **July 27, 2023**

Plaintiff Alvin Washington brings this pro se false imprisonment action against Defendants Judge Paul M. Yatron and Assistant District Attorney ("ADA") Leah Rotenberg. He seeks leave to proceed *in forma pauperis* in pursuing his claims under 42 U.S.C. § 1983. Because Washington's claims are frivolous due to the absolute immunity enjoyed by judges and prosecutors, the Court will grant Washington leave to proceed *in forma pauperis* but dismiss his Complaint with prejudice.

**FACTS**[1]

Washington, currently serving a sentence for aggravated assault at State Correctional Institution Houtzdale, claims he was wrongfully convicted and imprisoned in violation of his due process rights. Washington argues he is unlawfully imprisoned because his guilty plea was coerced, as it was made after the filing of what he believes was a retaliatory amended information, which was brought only due to his initial refusal to plead. He alleges Rotenberg, the Berks County prosecutor on the case, (1) "failed to apprise" Washington of his Fifth Amendment rights during his plea colloquy, and (2) violated his speedy trial rights. And Washingon claims Judge Yatron

---

[1] The following facts are drawn from the Complaint, whose well-pleaded factual allegations the Court must accept as true at the screening stage. *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

1

negligently accepted his guilty plea, despite knowing that it was invalid. Washington seeks immediate release from custody, as well as court costs and fees.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(a), if a plaintiff appears incapable of paying the fee to commence a civil action, the Court will grant him leave to proceed *in forma pauperis*. Under the statute, however, the Court must dismiss the Complaint if it is frivolous or malicious, or if it fails to state a claim upon which relief may be granted. *Id.* §§ 1915(e)(2)(B)(i)-(ii). A complaint is subject to dismissal as frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A frivolous claim "depends on an indisputably meritless legal theory or a clearly baseless or fantastic or delusional factual scenario." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (internal quotation marks and citation omitted). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). The Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). As Washington is proceeding pro se, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). However, "pro se litigants must still allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## DISCUSSION

While Washington has demonstrated eligibility for *in forma pauperis* status by substantially complying with the statute and showing an inability to pay the court's filing fees, *see* Application, ECF No. 1, his Complaint must be dismissed because it is frivolous. Judges are

entitled to absolute immunity from civil rights claims based on actions taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). The only exception—when a judge acts in a "clear absence of all jurisdiction"—does not apply here. *Id.* at 356 (citation omitted). And Rotenberg enjoys absolute prosecutorial immunity, as her actions challenged by Washington were clearly "within the scope of [her] duties in initiating and pursuing a criminal prosecution." *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also Lopa v. Kane*, Civ. No. 94-1628, 1994 WL 165226, at *1 (E.D. Pa. Apr. 28, 1994) (finding an ADA absolutely immune from liability under § 1983 for allegedly coercing plaintiff to accept a guilty plea). There is nothing in Washington's Complaint to suggest that either defendant was working outside the scope of their duties. *See id.* As such, the Complaint will be dismissed as frivolous.[2]

**CONCLUSION**

For the foregoing reasons, the Court will grant Washington leave to proceed *in forma pauperis* and dismiss his Complaint. Although leave to amend shall be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), a court may deny leave when amendment would be futile, such that "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.2d 113, 116 (3d Cir. 2000). There is no set of facts Washington could add to bring these claims outside the scope of immunity enjoyed by the defendants. Dismissal will therefore be with prejudice.

An appropriate Order follows.

---

[2] Even under the lower standard of failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), *Dooley*, 957 F.3d at 374, Washington fails to meet the pleading requirements. *See Humphrey v. Pa. Ct. of Common Pleas of Phila.*, 462 F. Supp. 3d 532, 535-36 (E.D. Pa. 2020) (dismissing claim pursuant to § 1915(e)(2)(B)(ii) due to judicial immunity).

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.